IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEARSA VILLAGRAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-04268 |
| BNSF RAILWAY COMPANY and TODD PARKS, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Tearsa Villagran, by and through her attorneys, Mahoney Law Firm, LLC, and for her Complaint against Defendants, BNSF Railway Company and Todd Parks, states as follows:

## GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiff, Tearsa Villagran, was a resident of DuPage County, State of Illinois.

2. At all times relevant herein, Defendant, BNSF Railway Company, was and is a Delaware corporation; was duly registered to conduct business in the State of Illinois; was conducting business in the State of Illinois; and continues to transact business in the State of Illinois, including Cook County, State of Illinois.

3. At all times relevant herein, Defendant, Todd Parks ("Parks"), was a resident of Kenosha County, State of Wisconsin.

4. At all times relevant herein, Defendant, BNSF Railway Company, owned and operated within its corporate structure, an intermodal terminal located in Cicero, Illinois (the "Cicero Intermodal Terminal").

5. At all times relevant herein, Plaintiff, Tearsa Villagran, was working as an employee for Defendant, BNSF Railway Company, at the Cicero Intermodal Terminal, and Defendant, BNSF Railway Company, was Plaintiff's direct employer at the time of the events alleged herein.

6. At all times relevant herein, Defendant, Parks, was employed by Defendant, BNSF Railway Company, and was Plaintiff's direct supervisor, and had the power to directly affect the terms and conditions of her employment.

7. At all times relevant herein, Defendant, Parks, was acting within the course and scope of his employment with Defendant, BNSF Railway Company.

8. Further, at all times relevant herein, based on his numerous responsibilities and his control over Tearsa Villagran, Defendant, Parks, was the alter-ego of Defendant, BNSF Railway Company.

9. On or about June 1, 2015, Plaintiff, Tearsa Villagran, was hired by Defendant, BNSF Railway Company, to work at the Cicero Intermodal Terminal as an Intermodal Equipment Operator.

10. On or about August 2020, Plaintiff became a trainee under the direction of Defendant, Parks, who was the Supervisor Hub Operations, or commonly referred to as the Ramp Supervisor.

11. At all times relevant herein, as a part of her employment, Defendant, Parks, would communicate with Plaintiff via text message for work assignments.

12. Beginning on or about August 12, 2020, and continuing through February 24, 2021, Defendant, Parks, made unwelcome sexually charged comments and sexual advances towards Plaintiff, and committed an act of sexual assault.

13. Beginning on or about August 12, 2020, Plaintiff began to receive explicit text messages daily from Defendant, Parks, that called her "freakshow," "flipper," and stated that he wanted to "see yo ass booty naked for a true assessment." The term "flipper" was in reference to Plaintiff's genitalia.

14. During the aforementioned timeframe, Defendant, Parks, also sent Plaintiff images containing sexual content, such as an image of a road sign that depicted legs that were open and being penetrated by what appears to be another set of legs on top. Defendant, Parks, asked Plaintiff if she could get into the position of the image he texted to her.

15. At all times relevant herein, if Plaintiff did not respond to Defendant Parks's text messages, he would assign Plaintiff difficult tasks for her to do the following day at work.

16. On or about January 10, 2021, Defendant, Parks, cornered Plaintiff in a room at the Cicero Intermodal Terminal and placed his hands between her legs, flicked his finger back and forth, and said to her, "show me your flipper."

17. At all times relevant herein, Plaintiff made clear to Defendant, Parks, that his inappropriate sexual comments and advances were unwelcome.

18. Following Plaintiff's rejection of Defendant Parks on January 10, 2021, Defendant, Parks, made Plaintiff's life at work extremely difficult.

19. On or about February 23, 2021, Plaintiff called Defendant BNSF Railway Company's sexual harassment hotline to report the sexual harassment by her supervisor.

20. On or about February 24, 2021, Plaintiff reported the sexual harassment to management for Defendant, BNSF Railway Company, and contacted Human Resources.

21. Following Plaintiff's reporting of sexual harassment, Defendant, BNSF Railway Company, continued to schedule Plaintiff to work in close proximity with Parks.

22. During this timeframe, Defendant, Parks, would sit in his office or in his vehicle and stare at Plaintiff on a daily basis.

23. Defendant Parks's conduct towards Plaintiff made her extremely uncomfortable and feel unsafe. Because Parks would sit in his company vehicle until Plaintiff left work for the day, she would have a coworker walk her to her vehicle.

24. During this timeframe, Defendant, Parks, also made false reports about Plaintiff to Defendant, BNSF Railway Company, in retaliation for her reporting he sexually harassed her.

25. On or about March 18, 2021, Plaintiff made a police report about Defendant, Parks, with the Cicero Police Department.

26. On or about March 23, 2021, Plaintiff made a report about Defendant, Parks, with BNSF Police.

27. On or about March 23, 2021, Plaintiff made a complaint to her Union representative about Defendant Parks's conduct, who instructed her to stay home from work and go on medical leave.

28. On or about March 23, 2021, Plaintiff made a complaint about Defendant Parks's conduct to Diversity Counsel for Defendant, BNSF Railway Company, who told her that she is a beautiful woman who works with a bunch of guys, and she had to learn to ignore them.

29. On or about March 30, 2021, Plaintiff contacted Defendant BNSF Railway Company's Human Resources representative in Defendant's corporate office in Texas with regard to Defendants' conduct.

30. On or about March 31, 2021, Defendant, Parks, was terminated by Defendant, BNSF Railway Company.

**JURISDICTION & VENUE**

31. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

32. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in the Northern District of Illinois.

**COUNT I**
*Violation of Illinois Human Rights Act – Sexual Harassment*
*Tearsa Villagran v. BNSF Railway Company*

COMES NOW Plaintiff, Tearsa Villagran, by and through her attorneys, Mahoney Law Firm, LLC, and for Count I of her Complaint against Defendant, BNSF Railway Company, states as follows:

33. Plaintiff hereby incorporates Paragraphs 1 through 32 herein as though fully set forth hereunder.

34. At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or sexual assault by Defendant, Parks, and at no time was any of the intentional and unlawful conduct set forth herein justified.

35. At all times relevant herein, Defendant, Parks, as the Supervisor Hub Operations, and thereby acting in a managerial capacity at the time of the aforementioned conduct, was acting as the alter ego of Defendant, BNSF Railway Company.

36. The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

37. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

38. The unlawful employment practices complained of above were intentional.

39. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

40. At all times relevant herein, Defendant, BNSF Railway Company, has continuously been an Illinois employer within the meaning of 775 ILCS 5/2-101.

41. At all times relevant herein, Defendant, Parks, was an employee of Defendant, BNSF Railway Company, within the meaning of 775 ILCS 5/2-101.

42. Based on the extreme and outrageous conduct outline above, Defendant Parks, as agent and employee of Defendant, BNSF Railway Company, sexually harassed Plaintiff, and as a result of Defendant Parks's managerial capacity, Defendant, BNSF Railway Company, has violated 775 ILCS 5/2-101, *et seq.*, commonly known as the Illinois Human Rights Act.

43. As a direct and proximate result of the aforesaid acts, Plaintiff was discriminated against in the terms of her employment on the basis of sex by Defendant, BNSF Railway Company, in violation of 775 ILCS 5/2-101, *et seq.*

44. As a result of Defendant Parks's managerial capacity, Defendant, BNSF Railway Company, has violated 775 ILCS 5/2-101, *et seq.* and is liable to Plaintiff for damages she suffered.

45. Prior to the institution of this lawsuit, Plaintiff filed a charge with the Illinois Department of Human Rights alleging violations of the Illinois Human Rights Act by Defendant, BNSF Railway Company, and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

46. As a further direct and proximate result of Defendant BNSF Railway Company's violation of the Illinois Human Rights Act, Plaintiff was forced to endure multiple acts of sexual harassment by her supervisor; Plaintiff has suffered severe emotional distress; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Tearsa Villagran, requests that judgment be entered on her behalf against Defendant, BNSF Railway Company, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

## COUNT II
*Violation of Illinois Human Rights Act –Retaliation*
*Tearsa Villagran v. BNSF Railway Company*

COMES NOW Plaintiff, Tearsa Villagran, by and through her attorneys, Mahoney Law Firm, LLC, and for Count II of her Complaint against Defendant, BNSF Railway Company, states as follows:

33. Plaintiff hereby incorporates Paragraphs 1 through 32 herein as though fully set forth hereunder.

34. From February 25, 2021 through March 31, 2021, Defendant, BNSF Railway Company, continued to schedule Plaintiff to work in close proximity with Parks.

35. During this timeframe, which immediately followed Plaintiff's reporting of sexual harassment, Defendant, Parks, would sit in his office or in his vehicle and stare at Plaintiff on a daily basis.

36. Defendant Parks's conduct towards Plaintiff made her extremely uncomfortable and feel unsafe due to her knowledge that Defendant, Parks, had sexually assaulted her in the past and was capable of committing a similar act again in the future.

37. During this timeframe, Defendant, Parks, also made false reports about Plaintiff to Defendant, BNSF Railway Company, in retaliation for her reporting he sexually harassed her.

38. On or about March 23, 2021, Plaintiff made a complaint to her Union representative about Defendant Parks's conduct, who instructed her to stay home from work and go on medical leave.

39. On or about March 23, 2021, Plaintiff made a complaint about Defendant Parks's conduct to Diversity Counsel for Defendant, BNSF Railway Company, who told her that she is a beautiful woman who works with a bunch of guys, and she had to learn to ignore them.

40. On or about March 30, 2021, Plaintiff contacted Defendant BNSF Railway Company's Human Resources representative in Defendant's corporate office in Texas with regard to Defendants' conduct.

41. On or about March 31, 2021, Defendant, Parks, was terminated by Defendant, BNSF Railway Company.

42. Defendants' conduct towards Plaintiff was in retaliation for Plaintiff engaging in a protected activity by making an internal complaint of sexual harassment.

43. At all times relevant herein, Defendant, Parks, as the Supervisor Hub Operations, and thereby acting in a managerial capacity at the time of the aforementioned conduct, was acting as the alter ego of Defendant, BNSF Railway Company.

44. The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

45. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

46. The unlawful employment practices complained of above were intentional.

47. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

48. At all times relevant herein, Defendant, BNSF Railway Company, has continuously been an Illinois employer within the meaning of 775 ILCS 5/2-101.

49. At all times relevant herein, Defendant, Parks, was an employee of Defendant, BNSF Railway Company, within the meaning of 775 ILCS 5/2-101.

50. As a direct and proximate result of the conduct outlined above, Plaintiff was discriminated against in the terms of her employment in retaliation for Plaintiff reporting the unlawful employment practice of sexual harassment, in violation of Illinois Human Rights Act.

51. Prior to the institution of this lawsuit, Plaintiff filed a charge with the Illinois Department of Human Rights alleging violations of the Illinois Human Rights Act by Defendant, BNSF Railway Company, and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

52. As a further direct and proximate result of Defendant BNSF Railway Company's violation of the Illinois Human Rights Act, Plaintiff has suffered severe emotional distress; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Tearsa Villagran, requests that judgment be entered on her behalf against Defendant, BNSF Railway Company, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

### COUNT III
*Common Law Assault*
*Tearsa Villagran v. Todd Parks*

COMES NOW Plaintiff, Tearsa Villagran, by and through her attorneys, Mahoney Law Firm, LLC, and for Count III of her Complaint against Defendant, Todd Parks ("Parks"), states as follows:

33. Plaintiff hereby incorporates Paragraphs 1 through 32 herein as though fully set forth hereunder.

34. At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or sexual assault by Defendant, Parks, and at no time was any of the intentional and unlawful conduct set forth herein justified.

35. As a direct and proximate result of the aforementioned acts, Defendant, Parks, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Parks's ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Parks, by committing the aforementioned acts, thereby committed an assault upon Plaintiff.

36. On or about January 10, 2021, at the time Defendant, Parks, sexually assaulted Plaintiff, Defendant, Parks, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification.

37. Defendant Parks's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

38. As a direct and proximate result of the foregoing acts of sexual assault upon Plaintiff by Defendant, Parks, Plaintiff has suffered severe emotional distress, she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Tearsa Villagran, requests that judgment be entered on her behalf against Defendant, Todd Parks, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

### COUNT IV
*Intentional Infliction of Emotional Distress*
*Tearsa Villagran v. Todd Parks*

COMES NOW Plaintiff, Tearsa Villagran, by and through her attorneys, Mahoney Law Firm, LLC, and for Count IV of her Complaint against Defendant, Todd Parks ("Parks"), states as follows:

33. Plaintiff hereby incorporates Paragraphs 1 through 32 herein as though fully set forth hereunder.

34. From February 25, 2021 through March 31, 2021, Defendant, BNSF Railway Company, continued to schedule Plaintiff to work in close proximity with Parks.

35. During this timeframe, which immediately followed Plaintiff's reporting of sexual harassment, Defendant, Parks, would sit in his office or in his vehicle and stare at Plaintiff on a daily basis.

36. Defendant Parks's conduct towards Plaintiff made her extremely uncomfortable and feel unsafe due to her knowledge that Defendant, Parks, had sexually assaulted her in the past and was capable of committing a similar act again in the future.

37. During this timeframe, Defendant, Parks, also made false reports about Plaintiff to Defendant, BNSF Railway Company, in retaliation for her reporting he sexually harassed her.

38. Defendant Parks's conduct towards Plaintiff was in retaliation for Plaintiff engaging in a protected activity by making an internal complaint of sexual harassment.

39. At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or sexual assault by Defendant, Parks, and at no time was any of the intentional and unlawful conduct set forth herein justified.

40. The acts complained of above were intentional.

41. Based on the extreme and outrageous conduct outlined above, Defendant Parks, intentionally and recklessly intended to cause Plaintiff to suffer severe emotional distress or should have known that such outrageous conduct would cause Plaintiff to suffer from severe emotional distress.

42. At all times relevant herein, Defendant Parks's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

43. As a direct and proximate result of Defendant Parks's intentional and reckless conduct, and the multiple acts of sexual harassment and retaliation upon Plaintiff by Defendant Parks, Plaintiff has suffered severe emotional distress; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Tearsa Villagran, requests that judgment be entered on her behalf against Defendant, Todd Parks, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

Respectfully submitted,

By: /s/ Ryan J. Mahoney
Ryan J. Mahoney, #6290113
MAHONEY LAW FIRM, LLC
1 Ginger Creek Parkway
Glen Carbon, IL 62034
Telephone: 618-961-8288
Facsimile: 618-961-8289
ryan@themahoneylawfirm.com
***Attorneys for Plaintiff***